UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PODIATRY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.

CAROLYN POVICH, THOMAS POVICH,
DENNIS W. LEVEILLE, D.P.M. and
GREAT LAKES PODIATRY, P.L.L.C.,

    Defendants.
_____/

Case No. 2:09-cv-249
HON. R. ALLAN EDGAR

**MEMORANDUM**

Plaintiff Podiatry Insurance Company of America ("PICA") brings this declaratory judgment action against defendants Carolyn Povich, Thomas Povich, Dennis W. Leveille, D.P.M., and Great Lakes Podiatry, P.L.L.C. ("Great Lakes Podiatry") pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.  PICA seeks a declaration from this court that it has no duty to defend or indemnify the Defendants Dr. Leveille and Great Lakes Podiatry for Dr. Leveille's alleged malpractice in his treatment of Ms. Povich as asserted in her civil lawsuit, case number 08-19845-NH, filed in the Circuit Court of Delta County, Michigan ("Civil Action").  [Court Doc. No. 1-3, Civil Action].  PICA alleges that Dr. Leveille's Professional Liability Insurance Policy No. 08-1PD-0009874 ("Policy") provides no coverage for Dr. Leveille's participation in the events alleged in the Civil Action.

PICA moves for summary judgment on its claims and requests that this Court hold that the incidents alleged by the Povichs in the Civil Action regarding Dr. Leveille's actions are not covered by the terms of the Policy due to Dr. Leveille's failure to provide the requisite notice of

the pending lawsuit prior to the notice of hearing on a default judgment in favor of the Povichs. [Court Doc. No. 9]. Defendants Dr. Leveille and Great Lakes Podiatry oppose PICA's motion for summary judgment. [Court Doc. No. 10]. After reviewing the record, the Court finds that the parties agree on the relevant facts and apparently disagree only on whether PICA has been prejudiced by its lack of notice regarding the Povich's lawsuit against Dr. Leveille and Great Lakes Podiatry. The court concludes that PICA has been prejudiced as a matter of law by the failure to provide notice and that therefore, PICA's motion for summary judgment will be **GRANTED**.

**I.     Background**

The material facts in this action are undisputed. Plaintiff PICA is an insurance company with its principal place of business in Brentwood, Tennessee. The Defendants all reside in Michigan. PICA issued the Policy to Dr. Leveille which provided him with professional liability coverage and included coverage for Great Lakes Podiatry. [Court Doc. No. 1, Complaint, ¶ 8]. The Policy provides that PICA will pay damages for malpractice liability for claims made against Dr. Leveille and reported to PICA during the policy period. *See* [Court Doc. No. 1-2, Policy, Section II, ¶ 1]. The Policy further provides that "[i]t is a condition precedent to coverage under this policy that all claims be reported in compliance with the CLAIMS Section 1: Notice of Claim or Suit." Policy, Section II, ¶ 5. The Claims Section of the Policy states:

> Notice of Claim or Suit: As a condition precedent to his right to the protection afforded by this insurance, the Insured shall, as soon as practicable, give to the Company written notice of any **claim** made against him.
>
> In the event suit is brought against the Insured, as a condition precedent to coverage hereunder the Insured shall IMMEDIATELY forward to the Company every demand, notice, summons or other process received by him or by his

representatives.

Policy, Section VII, ¶ 1. The Policy further provides that the insured shall cooperate with PICA to assist in its defense of any claims asserted against the insured. *Id.* at Section VII, ¶ 2. In a Michigan Amendatory Endorsement included with the Policy, it states:

> This endorsement modifies the provisions of this policy. . . .
>
> I. The following language is added to Provision #1. Notice of Claim or Suit under the CLAIMS section of the policy:
>
> Notice given by or on behalf of the Named Insured to any authorized agent of the Company within this state, with particulars sufficient to identify the Named Insured shall be deemed to be notice to the Company. Failure to give any notice required to be given by this policy within the time specified therein shall not invalidate any claim made by the Named Insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as reasonably possible.

Policy, p.6.

On May 12, 2008 the Povichs provided Dr. Leveille with a Notice of Intent that they were prepared to file a medical malpractice claim against him. *See* Complaint, ¶ 9. Dr. Leveille informed PICA of the Notice of Intent, and PICA obtained a defense attorney, Boyd Chapin, to represent Dr. Leveille. *Id.*

On November 11, 2008 the Povichs filed the Civil Action against Dr. Leveille and Great Lakes Podiatry in Circuit Court for Delta County, Michigan. The Civil Action alleged that Dr. Leveille's treatment of Carolyn Povich caused a delay in healing of a fusion site on the first metatarsal on her left foot. Complaint, ¶ 11. She further alleged that his negligent treatment resulted in a need for her to have further treatment and surgery. *Id.*

The Povichs served Dr. Leveille with a copy of their complaint in the Civil Action on

January 9, 2009, along with other pleadings. *See* [Court Doc. No. 1-4]. Following service of the complaint in the Civil Action, Dr. Leveille did not provide PICA with notice that a lawsuit had been filed in Michigan state court, nor did he forward any of the relevant pleadings to PICA. *See* Complaint, ¶ 13.

On March 13, 2009 the Povichs' attorney filed a motion for entry of default judgment, notice and entry of default judgment, and affidavit in support of entry of default. Complaint, ¶ 14; [Court Doc. No. 1-5]. The Povichs also served these documents on Dr. Leveille. *Id.* Once again, Dr. Leveille failed to inform PICA of these pleadings, and he failed to forward the pleadings to PICA. On April 24, 2009 the Michigan Circuit Court sent out a Notice to Appear for Entry of Default Judgment. Complaint, ¶ 16; [Court Doc. No. 1-6].

On May 7, 2009 Dr. Leveille's office manager contacted Mr. Chapin to inform him that Dr. Leveille had received a notice of default. Mr. Chapin, the attorney assigned by PICA to defend the lawsuit, immediately informed PICA of the notice of default regarding the Civil Action. Complaint, ¶ 17. On May 18, 2009 PICA sent a letter to Dr. Leveille reserving its rights under the Policy due to Dr. Leveille's failure to provide PICA with notice of the Civil Action and to forward relevant pleadings to PICA. [Court Doc. No. 1-7].

Following the entry of default judgment, on May 29, 2009, Mr. Chapin, on behalf of Dr. Leveille, moved in state court to set aside the entry of default. *See* [Court Doc. No. 1-8]. Following a hearing, on July 17, 2009 the Michigan state court denied the motion to set aside the default judgment. [Court Doc. No. 1-9]. PICA now seeks a declaration from this court that due to Dr. Leveille's failure to comply with the notice provisions of the Policy, it does not have a duty to defend or to indemnify him for any damage award obtained by the Povichs related to their

Civil Action.

## II. Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *White*, 909 F.2d at 943-44; *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of the witnesses, and determine the truth of the matter.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *60 Ivy Street*, 822 F.2d at 1435-36.

**III.   Analysis**

**A.    Discretion to Issue a Declaratory Judgment**

The Declaratory Judgments Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. PICA seeks a declaration that it "has no duty to defend or indemnify Dr. Leveille or Great Lakes Podiatry for any of the claims asserted in the Complaint by Carolyn and Thomas Povich, in the Delta County Circuit Court action and that it is not responsible for the payment of any damages which may be awarded in said action against Dr. Leveille or Great Lakes Podiatry." *See* Complaint.

In *Brillhart v. Excess Ins. Co.*, the United States Supreme Court noted that while district courts have jurisdiction over declaratory judgment actions, they are not compelled to exercise that discretion. 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *see also*, *United States Fire Ins. Co. v. Albex Aluminum*, 161 Fed. App'x. 562, 564 (6th Cir. 2006). The Sixth Circuit has adopted a five factor test to aid a district court in determining whether to exercise jurisdiction over a declaratory judgment action. *See Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Those factors are:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and

state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id. See also, Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

In applying the five *Grand Trunk* factors to this action the court concludes that the factors weigh in favor of this court's exercise of its jurisdiction. In considering the first two factors, while this action will not resolve the damages dispute between the Defendants and the Povichs in the Civil Action, it will resolve the dispute between PICA and Dr. Leveille and Great Lakes Podiatry regarding PICA's duty to defend and to indemnify these defendants in the Civil Action. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003). As the Sixth Circuit noted in *Northland Ins. Co.*, " '[a] prompt declaration of policy coverage would surely 'serve a useful purpose in clarifying the legal relations at issue.' " *Id.* (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). Further, PICA does not appear to have initiated this action as part of "procedural fencing" because, as discussed *infra*, the state court default judgment has already been entered against Defendants Dr. Leveille and Great Lakes Podiatry, and the state court has refused to set aside the default judgment. Thus, in this action, PICA is simply clarifying its legal rights to avoid paying damages pursuant to a Policy under which it received no opportunity to defend the action on the merits. As the Sixth Circuit noted in *Northland Ins. Co.*, PICA should have no duty to participate in an action for damages where it has no duty to defend or to indemnify due to Dr. Leveille's and Great Lakes Podiatry's failure to comply with the terms of the Policy. 327 F.3d at 454.

With respect to the final two factors, the Court concludes that its resolution of the issues presented in this case does not cause friction between the state and federal courts. This Court is

examining interpretation of the Policy under Michigan law governing insurance contracts. PICA is not a party to the Civil Action, and interpreting the Policy is not at issue in that action. Nor is the duty to defend or to indemnify before the state court in the Civil Action. Thus, this Court's resolution of those issues does not create friction between the state and federal courts. *See e.g., Northland Ins. Co.*, 327 F.3d at 454. Regarding the fifth factor, it is not clear that an alternative remedy exists. A default judgment has already been entered in state court establishing liability on the part of Dr. Leveille and Great Lakes Podiatry. An effort to set aside the default judgment was unsuccessful. All that remains in the state court case is a determination of damages. Thus, after considering the *Grand Trunk* factors, this Court will exercise jurisdiction over this matter.

**B.     PICA's Obligations Under the Policy**

PICA maintains that it has been prejudiced by Dr. Leveille's and Great Lakes Podiatry's failure to provide notice of the Civil Action until after a notice to appear for entry of default judgment had already been entered by the state court. Dr. Leveille and Great Lakes Podiatry respond that Carolyn Povich's possible contributory negligence and proximate cause still remain at issue in the case, and therefore, PICA is not "irreparably prejudiced." Defendants further respond that PICA has not established a viable defense or a defense with probable success at trial, and thus, it has failed to show prejudice by the default judgment. Defendants also assert that it is possible the Povichs will elect to agree to set aside the default judgment and that PICA can appeal the refusal of the court to set aside the default judgment following trial on the damages.

In *Koski v. Allstate Ins. Co.*, the Michigan Supreme Court addressed the question of "whether plaintiff's failure to comply with the notice-of-suit provision under either policy

effectively discharged Allstate from any liability for [plaintiff's] injury." 572 N.W.2d 636, 639 (Mich. Sup. Ct. 1998). The plaintiff in that case notified Allstate following his daughter's injury, but he did not forward any of the pleadings pertaining to the pending lawsuit until three months after entry of a default judgment against him. The Michigan Supreme Court concluded that Allstate had been prejudiced by the lack of notice, thus relieving the company from its coverage obligations. *Id.* at 640. The court noted:

> The evidence in the instant case established that Allstate received no notification of the suit brought against plaintiff until three months after the entry of the default judgment. Moreover, nothing in the record indicates that Allstate would have refused to defend the suit, if asked, under a reservation of rights. Consequently, Allstate was deprived of any opportunity to engage in discovery, cross-examine witnesses at trial, or present its own evidence relative to liability and damages. . . .
>
> . . . here it is undisputed that Allstate never received any information before the default that plaintiff had been sued. We believe that it is erroneous to impose on an insurer a duty to determine if suit has been filed and served when its policyholder has not forwarded suit papers, nor should an insurer be saddled with the "sentry duty of tracking back and forth to the court house to keep a check on if or when [the insured] may be served with process."

*Id.* at 639-40 (quoting *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367, 369 (Tex. Sup. Ct. 1978)).

In *Weller v. Cummins* the Michigan Supreme Court explained the reasons for providing an insurer with adequate notice of a claim:

> One of the purposes of the provision requiring notice of accident is to give the insurance company knowledge of the accident so that it can make a timely investigation in order to protect its interests. It is also true that the provisions in the insurance policy requiring the insured to 'immediately forward to the company every demand, notice, summons, or other process received by him' is to give the insurance company knowledge and information that an action has been instituted against the insured party. It follows that if the insurance company received adequate and timely information of the accident or the institution of an action for the recovery of damages it is not prejudiced, regardless of the source of its

information.

47 N.W.2d 612, 615 (Mich. Sup. Ct. 1951). The Michigan Supreme Court further explained in *Wendel v. Swanberg* that:

> [p]rovisions in liability insurance contracts requiring the insured to give the insurer immediate or prompt notice of accident or suit are common, if not universal. The purpose of such provisions is to allow the insurer to make a timely investigation of the accident in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims.

185 N.W.2d 348, 352 (Mich. Sup. Ct. 1971) (citing *Wehner v. Foster*, 49 N.W.2d 87 (Mich. Sup. Ct. 1951)).

In *Wendel* the Michigan Supreme Court outlined three principles regarding notice provisions in insurance contracts under Michigan law. 185 N.W.2d at 352. The first principle is that notice to an authorized agent of the insurer is equivalent to notice to the insurer. The second principle is that a simple delay in giving notice does not mean an automatic forfeiture because the courts construe notice provisions to allow notice within a reasonable time period. The third principle of Michigan law is that an insurer must be prejudiced by the insured's failure to provide the requisite notice, and the burden is on the insurer to demonstrate that it was prejudiced by the lack of notice. *Id.* at 352-53.

In a more recent case regarding timely notice, the Michigan Court of Appeals determined that, where an insured had failed to notify the insurer of government actions against it and had entered into voluntary settlements with the government that had not been approved by the insurer, the insurer was prejudiced. *Tenneco Inc. v. Amerisure Mut. Ins. Co.*, 761 N.W.2d 846 (Mich. Ct. App. 2008). The court concluded:

> . . . the unrebutted evidence establishes that plaintiff failed to comply with the

policies' condition requiring immediate notice of every claim, suit, demand, notice, or summons. This condition is independent of the condition requiring notice of an "occurrence." Because defendant forever lost the opportunity to contest plaintiff's liability, engage in settlement negotiations, or seek a judicial determination of its liability to plaintiff under the policies, defendant has established the prejudice necessary to terminate its liability to plaintiff.

*Id.* at 858. In finding prejudice to the insurer, the court in *Tenneco* reviewed the factors to consider in determining whether such prejudice exists:

An insurer suffers prejudice when the insured's delay in providing notice materially impairs the insurer's ability to contest its liability to the insured or the liability of the insured to a third party. Although the question of prejudice is generally a question of fact, it is one of law for the court when only one conclusion can be drawn from the undisputed facts. Further, "Michigan law does *not* require an insurer to prove that but for the delay it would have avoided liability."

In determining whether an insurer's position has actually been prejudiced by the insured's untimely notice, courts consider whether the delay has materially impaired the insurer's ability: (1) to investigate liability and damage issues so as to protect its interests; (2) to evaluate, negotiate, defend, or settle a claim or suit; (3) to pursue claims against third parties; (4) to contest the liability of the insured to a third party; and ([5]) to contest its liability to the insured.

*Id.* at 859 (quoting *West Bay Exploration Co. v. AIG Specialty Agencies of Texas, Inc.*, 915 F.2d 1030, 1036-37 (6th Cir. 1990) and citing *Wendel*, 185 N.W.2d 348 and *Wehner*, 49 N.W.2d 87). The court found prejudice where the insurer "lost the opportunity for a prompt determination of its liability to the insured, lost the opportunity to negotiate settlements with governmental agencies and third parties, and lost the opportunity to build reserves for future payments if liability existed and damage appeared extensive." *Id.* at 861.

Under Michigan law, an "[e]ntry of default is equivalent to an admission by the defaulting party as to all well-pleaded allegations." *American Central Corp. v. Stevens Van Lines, Inc.*, 303 N.W.2d 234, 236 (Mich. Ct. App. 1981). It is an admission of liability, but not

-11-

an admission regarding damages. *Id.*

In this action the parties do not dispute the material facts. It is clear that Dr. Leveille and Great Lakes Podiatry did not provide notice to PICA's attorney of the Civil Action until after a notice to appear for entry of default had been received. *See* [Court Doc. No. 1-6]. This failure to provide notice violated the terms of the Policy that required that notice of a lawsuit be provided to PICA immediately. Policy, Section VII, ¶ 1. The state court entered a default judgment against defendants Leveille and Great Lakes Podiatry. Although PICA filed a motion to set aside the default judgment, the state court refused to do so. Therefore, the question of the liability of Dr. Leveille and Great Lakes Podiatry was determined before PICA was given any opportunity to defend its interests or the interests of the insureds pursuant to the Policy.

A review of the *Tenneco* factors regarding whether PICA was prejudiced by the lack of notice reveals that the Plaintiff was indeed prejudiced as a matter of law. PICA received no opportunity to investigate liability and damages issues to protect its interests. The question of liability was essentially determined before PICA received the first notice that a lawsuit had been filed. PICA had no ability to evaluate, defend, negotiate or settle the Civil Action with the Povichs. PICA could not analyze whether any counterclaims against the Povichs existed before the default judgment was entered. And, finally, PICA could neither contest Dr. Leveille's and Great Lakes Podiatry's liability to the Povichs or its own liability under the Policy to Dr. Leveille and Great Lakes Podiatry. PICA was left with the unsavory prospect of merely footing the bill for whatever damages the Povichs prove in state court.

Dr. Leveille and Great Lakes Podiatry argue that PICA is not prejudiced because it can still argue about the *amount* of damages, if not liability on the merits. And they further assert

that PICA can appeal the judgment and allude to a possibility that the Povichs will agree to set aside the default judgment. None of these possibilities make PICA any less prejudiced by having the liability in the Civil Action already determined. Merely because PICA can attempt to mitigate the harshness of the judgment does not make the insurer not prejudiced by the inability to launch a defense or negotiate a settlement prior to a determination of liability. Dr. Leveille and Great Lakes Podiatry further argue that PICA has not demonstrated a valid defense to liability. However, " 'Michigan law does *not* require an insurer to prove that but for the delay it would have avoided liability.' " *Id.* (quoting *West Bay Exploration Co.*, 915 F.2d at 1036-37).

The determination of prejudice is often a question of fact for the jury. However, in cases in which the facts are undisputed and only one conclusion can be drawn from those facts, a determination of prejudice can be determined as a matter of law. *See Tenneco*, 761 N.W.2d at 859. In this case the court concludes that only one determination can be drawn from the undisputed facts. PICA has demonstrated prejudice by its inability to set aside the default judgment in state court and by Dr. Leveille's and Great Lakes Podiatry's failure to provide notice of the pending Civil Action until after notice of hearing on the default judgment occurred. Therefore, PICA's motion for summary judgment will be **GRANTED**. The court will issue a declaratory judgment ordering that PICA is not responsible for defending or indemnifying Dr. Leveille or Great Lakes Podiatry under the terms of the Policy.

**IV.**     **Conclusion**

As explained *supra*, PICA has been prejudiced as a matter of law by defendants Dr. Leveille's and Great Lakes Podiatry's failure to provide notice of the Civil Action pursuant to the terms of the Policy. Therefore, PICA's motion for summary judgment will be **GRANTED**.

The court will enter a separate declaratory judgment.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE